UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Scott Allen Turnbull,

Plaintiff,

vs.

Michael Reuvers, individually and in his capacity as a police officer in the Police Department of the City of St. Paul; Jeffrey Schwab individually and in his capacity as a police officer in the Police Department of the City of St. Paul; John Doe #1, individually and in his capacity as a police officer in the Police Department of the City of St. Paul, and the City of St. Paul, a municipal corporation,

Defendants.

CIVIL NO. 01-1114 (DSD/JMM)

* * * * * * * * * * * * * *

**STIPULATION** AND ORDER

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the parties hereto, through their undersigned counsel, hereby stipulate and agree that Plaintiff Scott Turnbull may serve and file the Amended Complaint attached hereto as Exhibit "A."

Dated: 12/28, 2001.

GISLASON & HUNTER LLP

Elliot L. Olsen #203750
Attorneys for Scott Allen Turnbull
P.O. Box 5297
Minnetonka, MN 55343-2297
Telephone: 952/933-9900

John H. Stechmann #270908
Office of the City Attorney
550 City Hall and Court House
15 West Kellogg Blvd.
St. Paul, MN 55102
Telephone: 651/266-8710

JAN 0 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

Pursuant to the foregoing Stipulation, and pursuant to this Court's Amended Pre-trial Scheduling Order of October 24, 2001, Plaintiff Scott Turnbull may Amend his Complaint in the above-entitled matter to conform to Exhibit A attached hereto. It may be served in accordance with the agreement of the parties

Dated: 1/2/02

BY THE COURT:

John M. Mason
U.S. Magistrate Judge

MPLIB:67937.1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

CIVIL NO. 01-1114 (DSD/JMM)

Scott Allen Turnbull,

Plaintiff,

vs.

Michael Reuvers, individually and in his capacity as a police officer in the Police Department of the City of St. Paul; Jeffrey Schwab individually and in his capacity as a police officer in the Police Department of the City of St. Paul; John Doe #1, individually and in his capacity as a police officer in the Police Department of the City of St. Paul, and the City of St. Paul, a municipal corporation,

Defendants.

* * * * * * * * * * * * *

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Scott Allen Turnbull, as and for his Amended Complaint against the Defendants above-named, states and alleges as follows:

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983), and arising under the law and statutes of the State of Minnesota. Plaintiff demands trial by jury of all issues.

EXHIBIT A

## JURISDICTIONAL STATEMENT

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom, and usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this court is also invoked under 28 U.S.C. § 1331, this being an action arising under the Constitution and the laws of the United States. The jurisdiction of this Court is further invoked under 28 U.S.C. § 1367 for pendent state law claims.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000) (28 U.S.C. § 1332).

5. This action properly lies in the District of Minnesota, Third Division, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

## PARTIES

6. At all times material to this action, Plaintiff was, and still is, a citizen of the United States residing in the City of St. Paul, State of Minnesota. He is of full age.

7. At all times material to this action, Defendant Michael Reuvers, Jeffrey Schwab, and John Doe #1 were duly appointed and presently acting police officers in the Police Department of the City of St. Paul.

8. At all times material to this action, Defendants Michael Reuvers, Jeffrey Schwab, and John Doe #1 were employed as police officers in the City of St. Paul, State of Minnesota, and were acting under the color of their official capacity and their acts were performed under color of law, including statutes and ordinances of the City of St. Paul, and State of Minnesota. Defendants were the servants, agents, and employees of the City of St. Paul.

9. At all times material to this action, Defendants Michael Reuvers, Jeffrey Schwab, and John Doe #1 were acting pursuant to the orders and directives of the City of St. Paul.

10. At all times material to this action, Defendant City of St. Paul was a municipal corporation of the State of Minnesota and was the employer of Defendants Michael Reuvers, Jeffrey Schwab, and John Doe #1. The City of St. Paul provided each of the individual Defendants with an official badge and identification card which designated and described its bearer as a police officer of the City of St. Paul's Police Department. Defendant City of St. Paul is the municipal corporation in whose name the individual Defendants performed all acts and omissions set forth herein.

## FACTUAL ALLEGATIONS

11. During all times mentioned herein, the individual Defendants and each of them, separately and in concert, acted under color and pretense of law, to wit, under color of the statutes, ordinances, regulations, customs, and usages of the State of Minnesota, the County of Ramsey, and the City of St. Paul. Each of the individual Defendants herein, separately and in concert, engaged in the illegal conduct set forth herein to the injury of Plaintiff and deprived Plaintiff of the rights, privileges, and immunities secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

12. The City of St. Paul Police Department and its individual members, who are agents and employees of the City of St. Paul, together with persons unknown to Plaintiff, acting under color of law, have subjected Plaintiff to conduct consisting of illegal seizures and arrests and use of excessive force at the time of making an arrest in denial of rights, privileges, and immunities

guaranteed to the Plaintiff and other citizens by the Fourth and Fourteenth Amendments to the Constitution of the Unites States.

13. This conduct consists of individual acts of violence visited on Plaintiff by Defendants, acting under color of law. These acts of violence, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

14. On or about June 15, 2000, at or about 2:00 a.m., the Plaintiff was operating a motor vehicle at or near the intersection of Case and Johnson Streets in St. Paul, Minnesota. At or about the same time, the Defendants, operating a marked police squad car with lights and siren, asked Plaintiff to exit his vehicle. At or about the same time, the individual Defendants did the following acts, among others:

a. Assaulted and battered Plaintiff; and

b. With the use of a police dog, assaulted and battered Plaintiff.

15. The individual Defendants performed such acts without provocation from Plaintiff and without resistance from Plaintiff.

**COUNT I – VIOLATION OF 42 U.S.C. § 1983**

16. Each of the individual Defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, and purposefully with specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, papers, and effects; and freedom from excessive abuse or excessive force. All of these rights are secured to Plaintiff by the search and seizure clauses of the Fourth Amendment as incorporated by the due process

clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42, United States Code, Section 1983.

17. Defendants used more physical force than was reasonable and necessary to apprehend and detain Plaintiff under the circumstances that then and there existed on the morning in question. As such, Defendants made intentional, unpermitted, offensive bodily contact with Plaintiff.

18. As a direct and proximate result of the acts and omissions of Defendants, included, but not limited to those set forth above, Plaintiff has suffered and continues to suffer compensable damages, including, but not limited to, embarrassment, humiliation, mental anguish, and physical pain and suffering.

19. As a direct and proximate result of the acts of the Defendants, and each of them, Plaintiff required medical care and treatment, the exact amount of which will be proven at trial; that Plaintiff suffered damages to his property in the course of his arrest, the exact amount of which will be proven at trial; and that Plaintiff has suffered loss of earnings, the exact amount of which will be proven at trial.

**COUNT II – BATTERY**

20. By the acts set forth above, each of the individual Defendants, separately and in concert committed a battery on Plaintiff in violation of state law.

21. As a direct and proximate result of the acts and omissions of Defendants, including, but not limited to those set forth above, Plaintiff has suffered and continues to suffer compensable damages, as set forth above.

**COUNT III – ASSAULT**

22. By the acts set forth above, each of the individual Defendants, separately and in concert committed an assault on Plaintiff in violation of state law.

23. As a direct and proximate result of the acts and omissions of Defendants, including, but not limited to those set forth above, Plaintiff has suffered and continues to suffer compensable damages, as set forth above.

**COUNT IV – FALSE IMPRISONMENT**

24. By the acts set forth above, each of the individual Defendants, separately and in concert committed the false imprisonment of Plaintiff in violation of state law.

25. As a direct and proximate result of the acts and omissions of Defendants, including, but not limited to those set forth above, Plaintiff has suffered and continues to suffer compensable damages, as set forth above.

**COUNT V – VICARIOUS LIABILITY**

26. In its capacity as the employer of the individual Defendants, Defendant City of St. Paul is vicariously liable for their conduct as set forth above in Counts II, III, and IV.

27. As a direct and proximate result of the acts and omissions of Defendants, included, but not limited to those set forth above, Plaintiff has suffered and continues to suffer compensable damages, as set forth above, and Defendant City of St. Paul is vicariously liable for such damages.

WHEREFORE, Plaintiff demands the following:

a. Judgment against the Defendants, and each of them, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000);

b. Judgment against the individual Defendants, and each of them, jointly and severally, for punitive damages, the exact amount to be determined at trial;

c. The costs and disbursements, including reasonable attorney's fees, of this action;

d. Such other relief as this Court deems just, proper, and equitable.

The undersigned hereby acknowledges that sanctions may be awarded pursuant to Minn. Stat. § 549.211.

Dated: December 20, 2001

Elliot L. Olsen #203750
Matthew H. Morgan #304657
GISLASON & HUNTER LLP
Attorneys for Plaintiff
Suite 215E
9900 Bren Road East
P.O. Box 5297
Minnetonka, MN 55343-2297
Phone: 952-933-9900

MPLIB:47915.1